METZ *v.* STATE OF INDIANA.

[No. 25,237.   Filed October 22, 1929.]

*Ira M. Holmes,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—This action was brought against the appellant by indictment returned in the criminal court of Marion County, Indiana, on September 2, 1925, wherein appellant was charged with the crime of child desertion.   The indictment charges, in substance, that on the 20th day of August, 1925, at Marion County, in the State of Indiana, the appellant was then and there the father of and charged with the maintenance of Pauline Metz, a child five years of age and living in Marion County, Indiana; that said Rollie E. Metz, was then and there able, by personal service, labor and earnings, to support said child, and that said Rollie E. Metz did then and there unlawfully, feloniously and wilfully neglect

and refuse to provide said child with necessary and proper home, care, food and clothing.

The appellant appeared in person and by his attorney, and a plea of not guilty was entered and a jury waived by appellant, and the cause submitted to the court for trial without the intervention of a jury. A trial was had, resulting in a finding of guilty. Before sentence was pronounced on him, the appellant, in open court, offered to provide bond for the support of his child, as provided in §2635a Burns 1914. This was refused by the court, and the judge pronounced sentence that appellant be imprisoned in the Indiana State Prison for a term of not less than one nor more than seven years. A motion for a new trial was filed and overruled.

The motion for a new trial alleged the following reasons: (1) The finding of the court is not sustained by sufficient evidence; (2) the finding of the court is contrary to law; (3) error of law occurring at the trial, in this: The court erred in refusing defendant's offer made in open court, after the finding of guilty against him, but before the pronouncement of sentence by the court, to furnish bond, as provided by law, to the approval of the court, conditioned to provide for the present and future support of the minor child of the defendant, to which refusal of the court, defendant at the time excepted, and this appeal was taken.

The only error relied on for reversal is that the court erred in overruling appellant's motion for a new trial.

This prosecution is based on §2867 Burns 1926, Acts 1915, ch. 179, p. 654, which provides: "That the father, or, when charged by law with the maintenance thereof, the mother, of a child or children, under fourteen years of age, living in this state, who, being able, either by reason of having means or by personal services, labor or earnings, shall wilfully neglect or refuse to provide such child or children with necessary and proper home, care,

food and clothing shall be deemed guilty of a felony, and, upon conviction, be punished by imprisonment in the state prison or reformatory for not more than seven years nor less than one year: Provided, That, upon conviction, the judge may suspend the sentence and, in the order suspending the sentence, may require the defendant to pay, weekly or otherwise, as the court may determine, to the clerk of the court, for the support of the children, such sum as the court may deem necessary. Provided, further, That, upon the failure of such parent to comply with said order, he or she may be arrested by the sheriff or other officer and a warrant issued on the sworn complaint of a responsible person, or the precipe of the prosecuting attorney, and brought before the court for sentence, whereupon the court shall pass sentence, or further suspend sentence, as may be just and proper."

Section 2868 Burns 1926, §3, ch. 358, Acts 1913 p. 956, provides for the payment of costs of arrest and extradition. Section 2, ch. 358, Acts 1913 p. 956, contains the following clause: "If after conviction and before sentence he shall appear before the court in which said conviction shall have taken place and enter into bond to the State of Indiana, in such penal sum as the court shall fix, with surety to be approved by the court, conditioned that he or she will furnish said child, or children, with necessary and proper home, food, care, and clothing, then said court may suspend sentence therein," but this clause is not in the section as amended by the act of 1915, Acts 1915 p. 654, which is now in force. It is not necessary to set out the evidence. It is sufficient to support the finding of guilty, and to show the reason for the refusal of the trial court to suspend the sentence. The contention that the court delegated its power or any of it in this case is fallacious and not supported by the record.

Judgment affirmed.